RECEIVED

07 APR 25 PM 3:11

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:06-CR201 |
| | ) | |
| v. | ) | PLEA AGREEMENT |
| | ) | |
| MATTHEW JAMES NEWINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the defendant, MATTHEW JAMES NEWINGHAM, with the defendant's attorney, as follows:

## A. CHARGES

1. <u>Subject Offense</u>. Defendant will plead guilty to Count 2 of the Indictment charging a violation of Title 18, United States Code, Section 2423(b), travel with intent to engage in illicit sexual conduct.

2. <u>Charges Being Dismissed</u>. Should defendant abide by all terms and conditions of this plea agreement, plaintiff will, at the time of sentencing, move to dismiss Count 1 of the Indictment

3. <u>No Further Prosecution</u>. The United States of America agrees that the defendant will not be charged in the Southern District of Iowa with any other federal criminal offense under Title 18, arising from or directly relating to this investigation, except for any crimes of violence.

## B. CONSEQUENCES OF PLEA

4.  <u>Maximum Punishment</u>. Count 2, is punishable by a maximum term of imprisonment of 30 years, a maximum fine of not more than $250,000.00, or both. In addition there is a special assessment of $100.00, and a term of supervised release of up to life.

5.  <u>Mandatory Minimum</u>. Count 2 does not have a mandatory minimum term of imprisonment.

6.  <u>Mandatory Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), the defendant agrees that defendant will go into the custody of the United States Marshals Service following the completion of the entry of defendant's guilty plea to await the imposition of sentence.

## C. SENTENCING CONSIDERATIONS

7.  <u>Rule 11(c)(1)(C) Plea Agreement.</u> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the appropriate sentence in this case is 96 months incarceration and an appropriate term of supervised release as determined by the Court. This sentence takes into account all applicable adjustments under the United States Sentencing Guidelines, as well as any variances and/or departures that may be available. If the Court declines to accept this agreement, either party may withdraw from this plea agreement and defendant may withdraw his guilty plea and exercise his trial rights. Defendant understands that the Court may defer its decision to accept or reject this plea agreement until it has had an opportunity to review a presentence investigation report.

8. <u>Evidence at Sentencing</u>. As this is a Rule 11(c)(1)(C) plea agreement, should the plea hereunder be accepted by the Court, the parties will not present evidence at sentencing.

9. <u>Fines/Costs/Forfeiture</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing. Defendant agrees to forfeiture of defendant's computer, which was seized by law enforcement officers on August 1, 2006, as alleged in Count 3 of the indictment

10. <u>Special Assessment</u>. The defendant agrees to pay to the United States a special assessment of $100.00 as required by Title 18, United States Code, § 3013. The defendant agrees to make such payment (by cashiers check or money order payable to "Clerk, U. S. District Court") to the Clerk of the United States District Court for the district in which the defendant enters his guilty plea within two weeks (14 days) of the execution of this agreement.

**D. GENERAL MATTERS**

11. <u>Voluntariness of Plea</u>. The defendant acknowledges that the defendant is entering into this plea agreement and is pleading guilty because the defendant is guilty. The defendant further acknowledges that the defendant is entering into this agreement without reliance upon any discussions between the government and the defendant (other than those described in this plea agreement), without promise of benefit of any kind (other than any concessions contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges that the defendant understands the

nature of the offenses to which the defendant is pleading guilty, including the penalties provided by law.

12. <u>Limited Scope of Agreement</u>. This agreement does not limit, in any way, the right or ability of the government to investigate or prosecute the defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the government from pursuing any civil or administrative matters against the defendant, including, but not limited to, civil tax matters and civil forfeiture, which arise from, or are related to, the facts upon which this investigation is based.

13. <u>Entire Agreement</u>. This plea agreement, and any attachments, constitute the entire agreement between the parties. No other promises of any kind, express or implied, have been made to the defendant by the United States or by its agents.

14. <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the defendant's offense conduct relating to the subject offense.

15. <u>Venue</u>. Defendant agrees that the offense conduct relating to the subject offense was committed, in whole or in part, in the Southern District of Iowa, and that the U. S. District Court, Southern District of Iowa, has proper venue of this agreement.

16. <u>Public Interest</u>. The plaintiff and defendant state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain

disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

### E. WAIVER OF APPEAL AND § 2255

17. <u>Waiver of Appeal Rights.</u> The Defendant hereby knowingly and expressly waives any and all rights to appeal his conviction in this case, including a waiver of all motions, defenses and objections which defendant could assert to the charges, including the constitutionality of the Adam Walsh Act, or to the Court's entry of Judgment against defendant, and any and all issues inhering therein. Defendant further waives his right to appeal his sentence under 18 U.S.C. § 3742, provided that the Court imposes the 96 month sentence agreed to by the parties.

18. <u>Limited Waiver of Post-Conviction Review.</u> The Defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction of the subject charge in any post-conviction proceedings, including a proceeding under Title 28 U.S.C. § 2255, subject to the following exception:

   a. The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to the defendant, or not reasonably knowable by the defendant, at the time the defendant enters a plea pursuant to this plea agreement.

19. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below. The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.

## F. SIGNATURES

20. <u>Defendant.</u> I have read all of this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this plea agreement. I have not been threatened in any way to get me to enter into this plea agreement. I am satisfied with the services of my attorney with regard to this plea agreement and other matters associated with this case. I am entering into this plea agreement and will enter my plea of guilty under this agreement because I committed the crime to which I am pleading guilty.

4-25-07
Date

_____
Defendant

21. <u>Defendant's Attorney.</u> I have read this plea agreement and have discussed in its entirety with my client. There is no plea agreement other than the agreement set forth in this writing. My client fully understands this plea agreement. I am satisfied my client is capable of entering into this plea agreement, and does so voluntarily of the defendant's own free will, and without any coercion or compulsion. I believe there is a factual basis for the plea and concur in my client entering into this plea agreement and in entering a plea of guilty pursuant to the plea agreement.

4/25/07
Date

_____
Jim Whalen
Attorney for Defendant

22. The United States agrees to the terms of this plea agreement.

4-25-07
Date

_____
John S. Courter
Assistant United States Attorney

## ATTACHMENT A
## STIPULATION OF FACTS

COMES NOW the undersigned Assistant United States Attorney for and on behalf of the United States of America, plaintiff in the above captioned matter, defendant MATTHEW JAMES NEWINGHAM, and defendant's attorney, Jim Whalen, and hereby stipulate and agree that the following facts are true and correct and may be used by the Court to establish a factual basis for the plea of guilty to be entered by defendant:

1. On or about August 1, 2006, the defendant, MATTHEW JAMES NEWINGHAM, did travel from the State of Nebraska to Council Bluffs, Iowa.

2. The defendant, MATTHEW JAMES NEWINGHAM, did make this interstate trip with the intent to engage in illicit sexual conduct with whom he believed to be a thirteen year old girl. The defendant, MATTHEW JAMES NEWINGHAM had previously engaged in communications using his computer during May-July 2006 with an individual the defendant believed was a thirteen year old girl, but who in fact was an undercover law enforcement officer.

4/25/07
Date

4/25/07
Date

4-25-07
Date

[Signature]
Defendant

[Signature]
Attorney for Defendant

[Signature]
Assistant U.S. Attorney

- 7 -